

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

November 1, 1972

Hon. Rayford Price, Speaker
Texas House of Representatives
State Capitol Building
Austin, Texas

Opinion No. M- 1253

Re: Constitutionality of H.B. 78
of the 62nd Legislature,
1972, 4th Called Session.

Dear Speaker Price:

Your request for an opinion asks the following questions concerning H.B. No. 78, 62nd Legislature, 1972, 4th C.S., which makes an appropriation for the establishment of an Occupational Extension Center of a public junior college.

"(1)  Is there any constitutional or statutory prohibition against appropriating money to the Coordinating Board for these purposes as opposed to, for example, the Texas Education Agency, or any other state agency?

"(2)  Can the Coordinating Board, under the constitution and statutes execute an appropriation of money sought in this manner?

"(3)  What are the duties of the Texas Education Agency in regard to approval of a program of creditation, etc., in connection with the establishment of such a facility? Or any other state agency?

"(4)  What other requirements according to law must be met to carry out the intent and purpose of the bill?"

House Bill 78 of the 62nd Legislature, 1972, 4th Called Session, makes an appropriation out of the general fund to the Coordinating Board for the fiscal year ending August 31, 1973, for a public junior college to establish an occupational extension center in Anderson County in accordance with the provisions of Section 130.086, Texas Education Code.

-6129-

        Section 44 of Article III of the Constitution of Texas requires appropriations to be supported by pre-existing law. State v. Connecticut General Life Insurance Company, 382 S.W.2d 745 (Tex.Sup. 1964); Fort Worth Cavalry Club v. Sheppard, 125 Tex. 339, 83 S.W.2d 660 (1935); State v. Steck Company, 236 S.W.2d 866 (Tex.Civ.App. 1951, error ref.).  Pre-existing law within the meaning of Section 44, Article III, may be a constitutional or statutory provision or a common law right.  Austin National Bank v. Sheppard, 123 Tex. 273, 71 S.W.2d 242 (1934).

        Since the Legislature is authorized to appropriate the money for the support and maintenance of an efficient system of public free schools, it is our opinion that the appropriation contained in House Bill 78 is supported by pre-existing law and is made pursuant to the provisions of Section 1, Article VII of the Texas Constitution.  It is, of course, recognized that an appropriation bill may not conflict with general legislation.  Moore v. Sheppard, 144 Tex. 537, 192 S.W.2d 559 (1946).  We are unaware of any provision in either the Constitution or statute requiring an appropriation for the purpose set out in House Bill 78 to be made to the Texas Education Agency.  In the absence of such a requirement, it is our opinion that House Bill 78, 62nd Legislature, 4th Called Session, is constitutional.

        In this connection, it is our opinion that it is within the sole discretion of the Legislature to determine whether money appropriated for the purposes set out in House Bill 78 is to be appropriated to the Coordinating Board, the Texas Education Agency or some other agency of the State.

        Your questions are accordingly answered as follows:

        (1)  There is no constitutional or statutory prohibition against appropriating money to the Coordinating Board for the purposes set out in House Bill 78.

        (2)  The Coordinating Board does have the authority to expend the money appropriated in House Bill 78 for the purposes therein expressed.  Section 130.086, quoted above, clearly authorizes the Coordinating Board to approve extension facilities outside the geographical boundaries of an existing junior college, under certain conditions.  We see no legal reason why the Coordinating Board could not execute the appropriation to the extension facility in question after having approved the extension within the time limit of the appropriation.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Bill Craig
Max Hamilton
Thomas Polan
Roland Carlson

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant